**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN CHRISTOPHER SANTIZO-
BETANCOURT,

             Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

             Respondent.

No.   19-71520

Agency No. A206-318-218

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

    Kevin Christopher Santizo-Betancourt, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for relief

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Santizo-Betancourt's request
for oral argument, set forth in his opening brief, is denied.

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Santizo-Betancourt's testimony, and between his testimony, personal statement, I-589 application, credible fear interview, and statements to border patrol. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014) (adverse credibility finding is supported when despite given the opportunity, an applicant fails to clarify or explain inconsistent statements). We lack jurisdiction to review Santizo-Betancourt's contention that his nervousness caused him to testify inconsistently. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

Substantial evidence also supports the agency's denial of CAT relief because it was based on the same testimony the agency found not credible, and Santizo-Betancourt points to no other evidence in the record that compels the conclusion that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

19-71520

We lack jurisdiction to consider Santizo-Betancourt's contention that his notice to appear was defective because he did not exhaust this claim before the agency. *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**